## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**MILIA, LLC,**

       **Plaintiff,**

**VS.**
                         **NO. 2:23-cv-02005-JTF-cgc**
                         **JURY DEMANDED**

**STATE FARM FIRE AND CASUALTY**
**COMPANY,**

       **Defendant.**

---

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
## STATE FARM FIRE AND CASUALTY COMPANY

---

COMES NOW, Milia, LLC, (hereinafter referred to as "Plaintiff") by and through counsel, pursuant to the Tennessee Rules of Civil of Procedure, and files this First Set of Interrogatories and Request for Production of Documents propounded to Defendant State Farm Fire and Casualty Company (hereinafter referred to as "Defendant"), and would respectfully state and show unto this Honorable Court as follows:

Said Interrogatories are directed to the Defendant but include inquiry regarding information within the knowledge of the Defendant, its attorney, or anyone else acting on its behalf. Further, said Interrogatories are to be considered continuing, requiring the supplementation of an answer in the event new information is obtained by the Defendant, its attorney, or any other person acting on their behalf, subsequent to the time that the Defendant's original answers are served upon the Plaintiff.

## DEFINITIONS

1.  "You" or "Your" means the party responding to these requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of the incident.

5.  "Other Structures" means any structures located at the Insured Location during the incident that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract lawsuit.

10.  "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11.  "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse,

mechanical or electronic recording, or other form of data compilation. "Document" specifically includes information that exists in electronic or magnetic form.

12.    "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness' oral statement, or any substantially verbatim transcript of such recording.

13.    "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify any person you expect to call to testify at the time of trial.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage during the incident and include a brief description of the involvement of each person identified, their employer and the date(s) of such involvement.

**ANSWER:**

**INTERROGATORY NO. 3:**  If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss.  Identify the persons involved in each step.

**ANSWER:**

**INTERROGATORY NO. 4:**  Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

**ANSWER:**

**INTERROGATORY NO. 5:**  State the following concerning notice of claim and timing of payment:

        a.  The date and manner in which you received notice of the claim.

        b.  The date and manner in which you acknowledged receipt of the claim

        c.  The date and manner in which you commenced investigation of the claim

        d.  The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant.

        e.  The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

**ANSWER:**

**INTERROGATORY NO. 6:**  Has Plaintiff's claim for insurance benefits been rejected or denied?  If so, state the reasons for denying the claim.

**ANSWER:**

**INTERROGATORY NO. 7:**  Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of the claim which makes the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 8:** Please state the date that you anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:** What documents (including those maintained electronically) relating to the investigation or handling of a windstorm and/or for hail damage insurance benefits, in Tennessee, are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**ANSWER:**

**INTERROGATORY NO. 10:** Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**ANSWER:**

**INTERROGATORY NO. 11:** Do you contend that the insured premises was damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

**INTERROGATORY NO. 12:** Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

**ANSWER:**

**INTERROGATORY NO. 13:** Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis

for this contention.  Please list each condition precedent or covenant individually and give the factual basis for each.

**ANSWER:**

**INTERROGATORY NO. 14:**  How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:

a.    What performance measures are used

b.    Describe your bonus or incentive plan for adjusters

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**  Produce the claim files from the home, regional, local offices and third party adjusters/adjusting firms regarding the claim which makes the basis of this lawsuit, including copies of the file jackets, "field" files and notes and drafts of documents contained in the file.

**RESPONSE:**

**REQUEST NO. 2:**  Produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**RESPONSE:**

**REQUEST NO. 3:**  Produce a certified copy of the insurance policy pertaining to the claims involved in this suit.

**RESPONSE:**

**REQUEST NO. 4:**  Produce the electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors and third party adjusters/adjusting firms relating to the Plaintiff's claims.

**RESPONSE:**

**REQUEST NO. 5:**  Produce your written procedures or policies (including documents(s) maintained in electronic form) that pertain to the handling of windstorm and/or hail claims.  If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party (carrier) that hired you with respect to this claim.

**RESPONSE:**

**REQUEST NO. 6:**  Produce your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm and/or hail complaints made by policyholders in Tennessee.  If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party (carrier) that hired you with respect to this claim.

**RESPONSE:**

**REQUEST NO. 7:**  Produce the Operation Guides which relate to the handling of claims.  If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party (carrier) that hired you with respect to this claim.

**RESPONSE:**

**REQUEST NO. 8:**  Produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST NO. 9:**  Produce the engineering and mold reports prepared concerning Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST NO. 10:** If you dispute that the cause of the loss was related solely to windstorm and/or hail damage produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

**RESPONSE:**

**REQUEST NO. 11:** Produce the damage reports prepared concerning the Insured Location.

**RESPONSE:**

**REQUEST NO. 12:** Produce the roofing repair reports prepared concerning the Insured Location.

**RESPONSE:**

**REQUEST NO. 13:** Produce the field notes, measurements and file maintained by the adjuster(s) and engineer(s) who physically inspected the subject property.

**RESPONSE:**

**REQUEST NO. 14:** Produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST NO. 15:** Produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home/business, regardless of whether you intend to offer these items into evidence at trial.

**RESPONSE:**

**REQUEST NO. 16:** Produce Defendant's internal newsletters, bulletins, publications and memoranda relating to policies and procedures for handling windstorms and/or hail claims including, but not limited to, memoranda issued to claims adjusters.

**RESPONSE:**

8

**REQUEST NO. 17:**  Produce the price guidelines that pertain to the handling of claims arising out of windstorms and/or hail damages. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**RESPONSE:**

**REQUEST NO. 18:**  Produce the Plaintiff's file from the office of their insurance agent.

**RESPONSE:**

**REQUEST NO. 19:**  Produce any information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiff's claims.

**RESPONSE:**

**REQUEST NO. 20:**  Produce the documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims.

**RESPONSE:**

**REQUEST NO. 21:**  Produce any "Pay Sheet", "Payment Log" or list of payments made on Plaintiff's claim.  This includes all indemnity, claim expenses and third party payments.

**RESPONSE:**

**REQUEST NO. 22:**  Produce the billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**REQUEST NO. 23:**  Produce the documents reflecting reserved applied to the subject claim.

**REQUEST NO. 24:**  For the past five years, produce the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST NO. 25:** Produce the managerial bonus or incentive plan for managers responsible for handling a windstorm and/or hail claims.

**RESPONSE:**

**REQUEST NO. 26:** Produce the bonus or incentive plan for adjusters in effect for the time period January 1, 2015 through December 31, 2018.

**RESPONSE:**

**REQUEST NO. 27:** Produce the documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers as to handling windstorm and/or hail claims.

**RESPONSE:**

**REQUEST NO. 28:** If a third party engineer evaluated the subject property, provide the documents that show the number of other matters in which the same engineers were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST NO. 29:** Produce the Complaint Log required to be kept by you for windstorm and/or hail complaints filed over the past three years.

**RESPONSE:**

**REQUEST NO. 30:** Produce your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for handling windstorm and/or claims.

**RESPONSE:**

**REQUEST NO. 31:** Produce the contract between the Defendant insurer and the Defendant third party adjusting company.

**RESPONSE:**

**REQUEST NO. 32:** Produce the correspondence between the Defendant insurer and the

third party adjusters/adjusting firms, engineers and other estimators who worked on the claim

that pertain to the claim at issue.

**RESPONSE:**

Respectfully Submitted,


s/Randall N. Songstad
Randall N. Songstad (18442)
254 Court Avenue, Suite 505
Memphis, Tennessee 38103
Telephone: (901) 870-5500
randy@songstadlawfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of
record by depositing a copy of same in an official depository of the U.S. Mail in postage-paid
envelope addressed as follows:


Mary Wu Tullis (31339)
Kelly L. Hagy (36524)
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 5262000
mtullis@bakerdonelson.com
khagy@bakerdonelson.com


s/ Randall N. Songstad
Randall N. Songstad